```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


UNITED STATES OF AMERICA,     )    CASE NO:  4:15-CR-0679
                              )
          Plaintiff,          )         CRIMINAL
                              )
    vs.                       )      Houston, Texas
                              )
CHRISTOPHER CORREA,           )    Friday, January 8, 2016
                              )    (1:05 p.m. to 1:13 p.m.)
          Defendant.          )


                   INITIAL APPEARANCE / ARRAIGNMENT


                  BEFORE THE HONORABLE MARY MILLOY,
                   UNITED STATES MAGISTRATE JUDGE
```

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | MICHAEL CHU, ESQ.<br>Assistant United States Attorney<br>1000 Louisiana, Suite 2300<br>Houston, TX 77002 |
| For Defendant: | DAVID ADLER, ESQ.<br>David Adler, PC<br>6750 W. Loop South<br>Suite 120<br>Bellaire, TX 77401 |
| Court Recorder: | Suzanne Guevara |
| Clerk: | Cynthia Jantowski |
| Transcriber: | Exceptional Reporting Services, Inc.<br>P.O. Box 18668<br>Corpus Christi, TX 78480-8668<br>361 949-2988 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1       **Houston, Texas; Friday, January 8, 2016; 1:05 p.m.**

2                         **(Call to Order)**

3           **THE COURT:**  All right.  In the matter of *United States of America versus Christopher Correa*, would the parties come forward, please?

6           **MR. CHU:**  Good afternoon, your Honor.  Michael Chu for the United States.

8           **THE COURT:**  Mr. Chu.

9           **MR. ADLER:**  David Adler for Mr. Correa --

10          **THE COURT:**  Mr. Adler.

11          **MR. ADLER:**  -- who's present in the courtroom.

12          **THE COURT:**  I'm going to have to charge you rent.

13       **(Laughter)**

14          Please tell me your full name, sir.

15          **THE DEFENDANT:**  Christopher (indiscernible) Correa.

16          **THE COURT:**  You say Correa (pronouncing)?

17          **THE DEFENDANT:**  Yes.

18          **THE COURT:**  How old are you, Mr. Correa?

19          **THE DEFENDANT:**  Thirty-five.

20          **THE COURT:**  And how much education have you had?

21          **THE DEFENDANT:**  I have a Master's degree.

22          **THE COURT:**  So you don't have any difficulty reading or writing in English?

24          **THE DEFENDANT:**  No, your Honor.

25          **THE COURT:**  You did get a copy of this criminal

1 information?

2 **THE DEFENDANT:** Yes.

3 **THE COURT:** Do you understand that that information
4 accuses you of breaking one of the laws of the United States?
5 In particular, you're accused of having unauthorized access to
6 computer information. Do you understand that accusation?

7 **THE DEFENDANT:** I do.

8 **THE COURT:** Do you understand that if that could be
9 proven beyond a reasonable doubt, you could be facing up to
10 five years in prison?

11 **THE DEFENDANT:** Yes.

12 **THE COURT:** You could be ordered to pay a fine of up
13 to $250,000, and you could be ordered to live under court rules
14 of supervision for another three years even after discharge
15 from prison?

16 **THE DEFENDANT:** I understand.

17 **THE COURT:** All right. If you were found guilty,
18 because it's a felony case, you would also have to pay a $100
19 special assessment fee. Now, do you understand the accusation?

20 **THE DEFENDANT:** I do.

21 **THE COURT:** Because you could receive more than one
22 year in prison, you have the right to have this accusation
23 presented to a grand jury. Right now, the accusation's in the
24 form of this criminal information which is just Mr. Chu's say
25 so. He just typed this up and signed it. There's been no

1 finding of probable cause in the matter.  You have the right to
2 let a grand jury determine if there's probable cause or reason
3 to believe you broke the law before you would have to answer to
4 this charge at all.  Do you realize that?
5         **THE DEFENDANT:**  I understand that.
6         **THE COURT:**  All right.  The grand jury is a group of
7 citizens from this district.  Twenty-three of them are
8 empanelled as grand jurors.  Sixteen of them would listen to
9 evidence; that is, witnesses that Mr. Chu would present.  If 12
10 of those 16 all agree that there's a reason to believe you
11 broke the law, they would return an indictment and that would
12 get you to court.
13         Do I understand, Mr. Adler, that after talking with
14 Mr. Correa, he has decided to give up his right to a grand jury
15 presentation?
16         **MR. ADLER:**  That's correct, your Honor.  We've
17 executed a waiver.
18         **THE COURT:**  Now, Mr. Correa, you need to understand
19 that if you give up your right to a grand jury presentation,
20 you're giving up to the right -- the right to the possibility
21 that those grand jurors will not agree with Mr. Chu that
22 there's a reason to believe you broke the law.
23         Is that clear to you?
24         **THE DEFENDANT:**  Yes, that's clear to me.
25         **THE COURT:**  Did anybody promise you something so you

```
                                                                    5
 1   would give up your right to have the grand jury listen to the
 2   evidence?
 3             THE DEFENDANT:  No.
 4             THE COURT:  Were you threatened in any way to make
 5   that decision?
 6             THE DEFENDANT:  No.
 7             THE COURT:  Any reason, Mr. Adler, I shouldn't accept
 8   that waiver of the grand jury proceeding as a knowing and
 9   voluntary act on Mr. Correa's part?
10             MR. ADLER:  I don't know any reason.
11             THE COURT:  All right.  Now, Mr. Correa, you have the
12   right to remain silent.  You don't have to say anything that
13   will help the prosecutors prove this accusation against you.
14   Anything you do say, whether you're volunteering information,
15   answering questions, giving your side of the story, your own
16   words could be repeated.  If they're helpful to the Government,
17   if they are repeated, you would be giving evidence against
18   yourself.  And when I say "repeated," I mean to the judge or
19   the jury in this matter.  You have absolutely no obligation to
20   give evidence against yourself.  You have the absolute right to
21   remain silent.
22             Do you understand that?
23             THE DEFENDANT:  I understand that, your Honor.
24             THE COURT:  The law now requires you to let the
25   authorities know without any question at all that you wish to
```

```
                                                                6
 1  remain silent.  Do you wish to do that?
 2          THE DEFENDANT:  Yes.
 3          THE COURT:  And you have retained Mr. Adler to
 4  represent you in this case?
 5          THE DEFENDANT:  Yes, I have.
 6          THE COURT:  All right.  Mr. Adler, is there any need
 7  for a formal reading of the information before Mr. Correa
 8  pleads not guilty?
 9          MR. ADLER:  There is no need, your Honor.
10          THE COURT:  All right.  Then, Christopher Correa, how
11  do you plead to this information in which you're charged?
12          THE DEFENDANT:  I plead not guilty, your Honor.
13          THE COURT:  Mr. Correa, I understand there's another
14  setting this afternoon but --
15          MR. ADLER:  Immediately after this, your Honor.
16          THE COURT:  Ms. Halcomb (phonetic), requests that we
17  issue a docket control order anyway in the event that a trial
18  would be necessary.  If a trial is necessary, it would take
19  place on March 15th, at 9:00 o'clock in the morning.  You would
20  have to be in court ready for trial on that day.  You would
21  also have to be in court on March 7th at 2:30.  That's the
22  final meeting that the Judge would have with the lawyers to
23  make certain that everybody is ready for trial.
24          You may have to answer some questions or make some
25  decisions on that day to assist Mr. Adler in getting ready for
                    EXCEPTIONAL REPORTING SERVICES, INC
```

trial.  As I said, I don't think these dates are relevant to your case but I'm going to issue this anyway.

Mr. Correa, in federal court, the Judge will make the decision about whether you should get a bond or whether there's a reason that you should stay in jail even before the trial takes place.

Do I understand, Mr. Chu, that the Government is not suggesting that Mr. Correa should stay in jail.  Is that right?

**MR. CHU:**  That's correct, your Honor.

**THE COURT:**  Mr. Correa, have you been to the Marshals Service yet to be processed?

**THE DEFENDANT:**  Not yet.

**THE COURT:**  All right.  You need to do that and I will tell you to do that before you report to the Sixth Floor.  That way, you'll get that --

**MR. ADLER:**  We talked with the Marshals.  I think the plan for all the parties is to go to Judge Hughes, take care of the arraignment --

**THE COURT:**  And then, go to the --

**MR. ADLER:**  -- and then go to the Marshals (indiscernible) Sixth Floor.

**THE COURT:**  Okay.  All right.  Well, whatever the Marshals tell you.

Mr. Correa, I'm going to set conditions of release; that is, court orders that you must abide by while the case is

being -- while the case is pending.

I'm going to release you on a $20,000 bond. Now, that bond will be unsecured; that is, you don't have to post any money into the registry of the court to gain your release after you go see the Marshals this afternoon but you will owe that amount of money to the United States should you fail to make your court appearances, should you fail to surrender to the prison authorities if, in fact, you're found guilty and prison time is made part of the punishment.

While you're on conditions of release, you'll be under the supervision of the Pretrial Services agency. You are not to do anything that is a violation of local, state or federal law. You're not to do anything that would be seen as an attempt to interfere with the Government's investigation or to tamper with evidence, to obstruct justice in any way or to retaliate against anyone for giving information to the Government.

Do you understand those things?

**THE DEFENDANT:** I understand.

**THE COURT:** That's especially critical because if you did any of those things, you could be facing other charges that carry with them ranges of punishment that are up to three times as long as the accusation in this information. (indiscernible)

**THE DEFENDANT:** I understand.

**THE COURT:** While you're on conditions of release,

1  you are to surrender your passport.  Did you bring that today?
2      **(No audible response)**
3          All right.  And avoid all contact -- and this is for
4  your protection -- with any co-defendants or witnesses.  You
5  don't want to give Mr. Chu ammunition with which he could
6  accuse you of obstructing justice or retaliating against
7  someone.  If you have any questions about someone you need to
8  associate with, ask Mr. Adler or your Pretrial officer.
9          Is there anybody in particular, Mr. Chu, that
10 Mr. Correa should be cautioned against associating with?
11     **MR. CHU:**  No, your Honor.
12     **THE COURT:**  Now, do I understand, Mr. Correa, you're
13 not working at this time?
14     **THE DEFENDANT:**  That is correct.
15     **THE COURT:**  Are you looking for work?
16     **THE DEFENDANT:**  I am.
17     **THE COURT:**  All right.  And what type of work are you
18 looking for?
19     **THE DEFENDANT:**  Whoever will have me.
20     **THE COURT:**  Okay.  But I mean in a sports setting or
21 financial setting?
22     **THE DEFENDANT:**  Yes, sure, sports media,
23 technology --
24     **THE COURT:**  Okay.  Report to a Pretrial officer your
25 progress once you get a job within 30 days.  You are to report

1  to the law enforcement -- to your Pretrial officer if you have
2  any contact with law enforcement while this case is pending.
3  They should not be talking to you about this case because you
4  have a lawyer and you said you want to remain silent.  But if
5  you're contacted for any other reason, be sure and let your
6  Pretrial officer know about it.
7          **THE DEFENDANT:**  I will.
8          **THE COURT:**  Your travel will be restricted to the
9  United States.  You are not to possess a firearm.  No shotguns,
10 no rifles, no pistols.  Do you have anything like that in your
11 home?
12         **THE DEFENDANT:**  Not a problem.
13         **THE COURT:**  (Pause)
14         **THE DEFENDANT:**  No, I do not.
15         **THE COURT:**  What about your in-laws?
16         **THE DEFENDANT:**  My father has a gun -- or my father-
17 in-law has a gun.
18         **THE COURT:**  He needs to get that out of the house
19 while you're living there.  I don't want you (indiscernible)
20 with that because I will revoke your bond if you're in
21 possession of a firearm.
22         **THE DEFENDANT:**  I understand.
23         **THE COURT:**  So you and Mr. Adler can work to get that
24 done before you return to Maryland.
25         **THE DEFENDANT:**  Okay.

|   |   |
|---|---|
| | 11 |

1         **THE COURT:** Any questions?

2         **THE DEFENDANT:** No.

3         **THE COURT:** All right.  Have a seat.  Ms. Jantowski

4 will have you sign and swear to these conditions of release and

5 do follow the Marshals instructions in regard to being

6 processed by them before you leave the courthouse this

7 afternoon.

8         Anything further, Mr. Adler?

9         **MR. ADLER:** No, your Honor.

10        **THE COURT:** Anything further, Mr. Hernandez?

11        **PRETRIAL SERVICES OFFICER HERNANDEZ:** No, ma'am.

12        **THE COURT:** Mr. Chu?

13        **MR. CHU:** No, your Honor.  Thank you.

14        **THE COURT:** You-all can be excused.  Thank you.

15     **(This proceeding was adjourned at 1:13 p.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          January 13, 2016_

TONI HUDSON, TRANSCRIBER